UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | Case No. 3:02-CR-61 JD |
| | ) | 3:16-CV-215 JD |
| ERNESTO NAVARRO | ) | |

## OPINION AND ORDER

This matter is before the Court on a motion under 28 U.S.C. § 2255. The defendant, Ernesto Navarro, was sentenced in 2003 to a term of 188 months of imprisonment on his conviction for possessing marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Now on his third petition for collateral relief, with authorization from the Seventh Circuit, he asserts that his sentence is unlawful in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the so-called residual clause of the Armed Career Criminal Act is void for vagueness. Mr. Navarro was not sentenced under the Armed Career Criminal Act, though; rather, he argues that *Johnson* invalidates his designation as a career offender under § 4B1.1 of the Sentencing Guidelines. In response, the government raises a number of procedural and substantive impediments to relief, including that Mr. Navarro's plea agreement waived his right to move for collateral relief; that his motion is barred because he has presented the same claim in a previous petition; that he is ineligible for relief on a successive petition because the Supreme Court has not made the applicable rule retroactive; and that he procedurally defaulted on his claim. For the reasons discussed below, the Court agrees that Mr. Navarro is not entitled to relief.

Before turning to the parties' arguments, there is another issue to address that has not been raised in the parties' filings. Mr. Navarro is currently scheduled to be released from the Bureau of Prisons on July 7, 2016, as confirmed by the Probation Office. At that point, the Court

will be unable to reduce Mr. Navarro's sentence of imprisonment, and Mr. Navarro's request that his sentence be "time served" will essentially have taken place. In addition, Mr. Navarro received the statutory minimum term of supervised release for his offense, which is four years, 21 U.S.C. § 841(b)(1)(B), so the Court would have no authority to impose a shorter term of supervision even if it granted his motion.[1] Further, Mr. Navarro's motion only attacks his sentence, not his conviction. Thus, it appears that upon Mr. Navarro's imminent release from prison, the Court will be unable to grant him relief, and his motion under § 2255 will be moot. *See United States v. Trotter*, 270 F.3d 1150, 1153 (7th Cir. 2001) (holding that a challenge to a sentence is moot when the defendant has already been released from prison and "it is legally impossible to shorten the term of supervised release"); *Kusay v. United States*, 62 F.3d 192, 193 (7th Cir. 1995) (holding that a motion under § 2255 was not moot after the defendant's release from prison because he was still serving a term of supervised release "that may be abbreviated if he prevails in this action"). Accordingly, so that Mr. Navarro can at least receive a ruling on his motion, the Court has endeavored to issue an order prior to that date, and so has addressed some of the issues in a somewhat abbreviated fashion.

## I. FACTUAL BACKGROUND

On May 29, 2002, Mr. Navarro was found in possession of over 264 pounds of marijuana, 27 of which he had just delivered to another person. He was subsequently indicted for possession of over 100 kilograms of marijuana with intent to distribute, in violation of 21 U.S.C.

---

[1] A defendant can move to modify the conditions of their supervision at any time, 18 U.S.C. § 3583(e)(2), and the Court would happily entertain such a motion, particularly since Mr. Navarro's conditions were imposed long before the Seventh Circuit's recent cases addressing conditions of supervision. However, the Court can confidently say that its decisions in that respect would not be affected by whether or not Mr. Navarro was properly characterized as a career offender.

§ 841(a)(1). Mr. Navarro eventually pled guilty pursuant to a written plea agreement. Of note, that plea agreement contained the following provision:

> I agree that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) as set forth above in paragraph 9(c) of this plea agreement. With that understanding, I expressly waive my right to appeal my sentence on any ground, including any appeal right conferred by Title 18, United States Code, Section 3742. I also agree not to contest my sentence or the manner in which it was determined in any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255.

[DE 26 p. 3]. The plea agreement also accurately set forth the statutory minimum and maximum penalties. Those included a prison term of at least 5 years and up to 40 years, and a term of supervised release of at least 4 years.

At the sentencing hearing on January 30, 2003, Mr. Navarro was determined to be a career offender under § 4B1.1 based on two prior convictions: a 1997 conviction for aiding, inducing, or causing robbery, a Class C felony under Indiana law, and a 1999 conviction for criminal recklessness, a Class D felony under Indiana law. Mr. Navarro argued that neither conviction constituted a crime of violence, as defined under § 4B1.2(a). However, the Court concluded that the 1997 robbery conviction was a crime of violence under § 4B1.2(a)(1), as an offense that "has as an element the use, attempted use, or threatened use of physical force . . . ." The Court also concluded that the 1999 criminal recklessness conviction was a crime of violence under § 4B1.2(a)(2), as an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another"—the "residual clause" of the definition of crime of violence. As a career offender, Mr. Navarro's total offense level was 31 and his criminal history category was VI, § 4B1.1(b)(2), producing a guideline range of 188 to 235 months of imprisonment. The Court imposed a sentence of 188 months of imprisonment, to be followed by the statutory minimum term of 4 years of supervised release. [DE 41].

3

Mr. Navarro did not appeal. However, on January 29, 2004, he filed a motion to vacate his conviction and sentence under 28 U.S.C. § 2255. He raised four grounds for his motion, all premised on ineffective assistance of counsel, and two of which argued that his attorney rendered ineffective assistance relative to the career offender designation. [DE 44]. Mr. Navarro simultaneously moved to hold the § 2255 proceedings in abeyance while he challenged the constitutionality of his criminal recklessness conviction in state court, which he hoped would allow him to seek a resentencing absent the career offender guideline. [DE 45]. In response, the government argued that Mr. Navarro's challenges to his career offender designation were barred by the plea agreement's waiver of any post-conviction proceedings, and that the waiver was valid and enforceable. The Court agreed and denied the motion. [DE 49].

In 2012, Mr. Navarro filed another petition for collateral relief. This time, he filed a petition under 28 U.S.C. § 2241 in the Southern District of Indiana, his district of confinement. *Navarro v. United States*, No. 2:12-cv-333 (S.D. Ind. filed Nov. 7, 2012). In that petition, he argued that his criminal recklessness conviction was improperly characterized as a crime of violence and that, as a result, he was erroneously designated a career offender. In support, he cited the Supreme Court's decision in *Begay v. United States*, 553 U.S. 137 (2008), which held that an offense only qualified under the residual clause of the definition of "violent felony" under the Armed Career Criminal Act if it involved intentional or purposeful conduct. Applying *Begay*, the Seventh Circuit had held that criminal recklessness under Indiana law no longer satisfied the residual clause unless the defendant was convicted of committing the offense knowingly or intentionally. *United States v. Smith*, 544 F.3d 781 (7th Cir. 2008). Since Mr. Navarro was charged with committing the offense recklessly, his conviction for that offense would no longer constitute a crime of violence. Nonetheless, the court dismissed Mr. Navarro's petition with

prejudice, holding that the waiver in Mr. Navarro's plea agreement barred his petition. Mr. Navarro did not appeal.

The Supreme Court subsequently held in *Johnson v. United States*, 135 S. Ct. 2551 (2015) that the residual clause of the Armed Career Criminal Act was unconstitutionally vague, in violation of the Due Process Clause. Through appointed counsel, Mr. Navarro then applied to the Seventh Circuit for authorization to file a successive motion under § 2255 raising a claim under *Johnson*. The Seventh Circuit granted Mr. Navarro's application on February 8, 2016, finding that Mr. Navarro "has made a prima facie showing that he may be entitled to relief." [DE 52]. In doing so, it declined to consider the various procedural defenses asserted by the government, noting, "We believe these contentions would be better addressed by the district court after adversarial testing, for which we lack the time given the 30-day deadline for deciding applications." *Id.* The court also cited to 28 U.S.C. § 2244(b)(4), which states, "A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the application shows that the claim satisfies the requirements of this section." *Id.* Mr. Navarro then filed his motion in this Court on April 7, 2016, and the motion has been fully briefed.

## II. STANDARD OF REVIEW

Section 2255(a) of Title 28 provides that a federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). The Seventh Circuit has recognized that § 2255 relief is appropriate only for "an error of law that is jurisdictional, constitutional, or constitutes a

5

fundamental defect which inherently results in a complete miscarriage of justice." *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004). Further, a "Section 2255 motion is neither a recapitulation of nor a substitute for a direct appeal." *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995); *Bousley v. United States*, 523 U.S. 614, 621 (1998) (stating that habeas review "will not be allowed to do service for an appeal"). Relief under § 2255 is extraordinary because it seeks to reopen the criminal process to a person who has already had an opportunity of full process. *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007) (citing *Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir. 2006)).

### III. DISCUSSION

Mr. Navarro asks the Court to vacate his sentence as unlawful in light of *Johnson*. Specifically, he argues that *Johnson's* holding as to the residual clause of the Armed Career Criminal Act applies equally to the residual clause of the career offender guideline. Thus, he argues that his conviction for criminal recklessness no longer qualifies as a crime of violence, meaning he would no longer meet the criteria for the career offender guideline. He asks to be resentenced to time served.

The government raises a number of arguments in response. First, it argues that Mr. Navarro's petition is barred by the plea agreement's waiver of any post-conviction proceedings. Second, it argues that Mr. Navarro's petition is barred under § 2244(b)(1) because he has presented this same claim in a previous habeas petition. Third, it argues on the merits that Mr. Navarro is not entitled to relief on this successive petition because the Supreme Court itself has not held that any rule from which Mr. Navarro can benefit is retroactive to cases on collateral review. And fourth, it argues that Mr. Navarro procedurally defaulted on this claim by failing to raise it on a direct appeal. The Court agrees with the government on the first three points, and does not reach the fourth.

A.    **Waiver of Post-Conviction Proceedings**

The government first argues that Mr. Navarro's petition is barred by the waiver of post-conviction proceedings in his plea agreement, which contained the following provision: "I also agree not to contest my sentence or the manner in which it was determined in any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255." [DE 26 p. 3]. The terms of that provision plainly encompass the present motion, in which Mr. Navarro seeks to contest his sentence in a post-conviction proceeding under § 2255. "A defendant may validly waive both his right to a direct appeal and his right to collateral review under § 2255 as a part of his plea agreement." *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011). The Seventh Circuit has held that "waivers are enforceable as a general rule; the right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver." *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999). Mr. Navarro has already raised and lost a challenge to the negotiation of the waiver in his previous motion under § 2255, though, so he cannot now contest the validity of his waiver. He nonetheless offers a variety of reasons why he believes the waiver should not be enforced here.

Mr. Navarro first argues that his sentence exceeds the statutory maximum, which is one of the few exceptions the Seventh Circuit has recognized to the enforceability of waivers. *United States v. Smith*, 759 F.3d 702, 706 (7th Cir. 2014). However, the statutory maximum term for his offense is 40 years, 21 U.S.C. § 841(b)(1)(B), and his sentence of 188 months—about fifteen and a half years—is well below that maximum. Mr. Navarro argues that because he was sentenced prior to *Booker*, when the Guidelines were still considered mandatory, the guideline range is equivalent to the statutory maximum sentence. However, he cites no Seventh Circuit case that has accepted that argument, and in fact the Seventh Circuit often applied waivers to Guidelines

challenges even before the Guidelines became advisory. *E.g.*, *United States v. Lockwood*, 416 F.3d 604, 608 (7th Cir. 2005); *United States v. Feichtinger*, 105 F.3d 1188, 1190 (7th Cir. 1997) (holding, prior to *Booker*, that "an improper application of the guidelines is not a reason to invalidate a knowing and voluntary waiver of appeal rights").

Mr. Navarro next argues that the waiver should not be enforced because doing so would constitute a miscarriage of justice, since the career offender designation greatly increased his guideline range. In support, he cites to *Narvaez v. United States*, 674 F.3d 621 (7th Cir. 2011), which characterized the misapplication of the career offender guideline as a miscarriage of justice in the context of deciding whether a claim under *Begay*—a statutory interpretation case that narrowed the scope of the residual clause—was cognizable on collateral review. Mr. Navarro then notes that other circuits have recognized a miscarriage of justice as an exception to the enforceability of appeal waivers, and argues that his waiver should not be enforced because not allowing him to challenge his career offender designation would result in a miscarriage of justice. The Seventh Circuit, though, has strictly circumscribed the exceptions that can be invoked to appeal waivers, and has never recognized a generalized miscarriage-of-justice exception. *Smith*, 759 F.3d at 706 (identifying ineffective assistance of counsel in negotiating the plea agreement, sentences that exceed the statutory maximum, and sentences that were the product of an impermissible factor, such as race, as "the only sorts of grounds which we have indicated may be sufficient to overcome a broad appellate waiver"). In addition, the Seventh Circuit has enforced appeal waivers against challenges to career-offender designations. *E.g.*, *Smith*, 759 F.3d at 707 ("Smith may think that the court committed a mistake in classifying him as a career offender, but we have held that appeal waivers preclude appellate review even of errors that are plain in retrospect."); *United States v. Madgett*, 403 F. App'x 97, 98 (7th Cir.

2010) (holding that an appeal waiver barred a challenge to a career offender designation even where neither the defendant nor the government anticipated that the defendant would qualify as a career offender); *United States v. McGraw*, 571 F.3d 624, 631 (7th Cir. 2009); *United States v. Standiford*, 148 F.3d 864, 867–70 (7th Cir. 1998) (enforcing an appeal waiver against a proposed challenge to the defendant's career offender designation, in a pre-*Booker* case). Thus, the Court cannot accept Mr. Navarro's argument that challenges to career-offender designations should be categorically excepted from waivers.

Moreover, Mr. Navarro's miscarriage-of-justice argument is much less attractive when viewed in the context of this motion than when viewed in the abstract. Mr. Navarro bases his argument on the significant increase the career offender designation often has on defendants' sentences, thus exposing them to much more time in prison than they may otherwise have received. However, Mr. Navarro has only days left on his sentence, so it is hard to characterize enforcing the waiver at this point as a miscarriage of justice, particularly when the waiver was also enforced over ten years ago, when Mr. Navarro stood to realize substantial relief. And this same argument would have applied equally to Mr. Navarro's petition under § 2241, which (as discussed below) asserted the same claim, yet the court enforced the waiver to bar that petition too.

Mr. Navarro next attempts to invoke the exception for sentences "based on 'constitutionally impermissible criteria, such as race.'" *United States v. Adkins*, 743 F.3d 176, 192 (7th Cir. 2014) (quoting *United States v. Bownes*, 405 F.3d 634, 637 (7th Cir. 2005)). He argues that the residual clause of the career offender guideline violates the Due Process Clause of the Constitution, so relying on a guideline range based on the residual clause is relying on "constitutionally impermissible criteria." The Seventh Circuit has never construed this exception

9

in that manner, though. The Seventh Circuit has typically given the examples of race or gender as the types of criteria that permit this exception. *Bownes*, 405 F.3d at 637; *United States v. Hicks*, 129 F.3d 376, 377 (7th Cir. 1997); *see also United States v. Trujillo-Castillon*, 692 F.3d 575, 579 (7th Cir. 2012) (holding that a court may not consider characteristics such as a defendant's "race, sex, national origin, creed, religion, and socio-economic status"). The career offender guideline, even if improperly applied, does not resemble those protected characteristics. Nor has Mr. Navarro cited any case in which the Seventh Circuit has applied this exception to a substantive error in calculating the guideline range, even one of constitutional origin. *See United States v. Vela*, 740 F.3d 1150, 1154 (7th Cir. 2014) (enforcing an appeal waiver to bar an argument under *Peugh v. United States*, 133 S. Ct. 2072 (2013), which applied the Ex Post Facto Clause to the Guidelines).

Finally, Mr. Navarro argues that the waiver should not be enforced because he could not have foreseen at the time of the plea agreement that a case like *Johnson* might come along to his benefit, so he did not enter the waiver knowingly. However, the Seventh Circuit has expressly and repeatedly rejected that argument:

> In a contract (and equally in a plea agreement) one binds oneself to do something that someone else wants, in exchange for some benefit to oneself. By binding oneself one assumes the risk of future changes in circumstances in light of which one's bargain may prove to have been a bad one. That is the risk inherent in all contracts; they limit the parties' ability to take advantage of what may happen over the period in which the contract is in effect.

*Bownes*, 405 F.3d at 636. The court also noted "abundant case law that appeal waivers . . . are effective even if the law changes in favor of the defendant after sentencing," and held that this principle applies even to "unforeseen legal changes" that bring about "a 'sea change' in the law." *Id.*; *see also Vela*, 740 F.3d at 1152–54; *United States v. McGraw*, 571 F.3d 624, 631 (7th Cir. 2009) ("We have consistently rejected arguments that an appeal waiver is invalid because the

defendant did not anticipate subsequent legal developments."). In addition, the validity of the waiver has already been decided in each of Mr. Navarro's previous habeas petitions, so it is too late for him to argue that the waiver is not enforceable.

Therefore, the Court holds that Mr. Navarro's motion is barred by the waiver of any post-conviction proceedings in his plea agreement.

**B.      Statutory Bar on Claims Raised in Previous Petitions**

Second, Mr. Navarro's claim is barred because he has raised the same claim in a previous petition. Under 28 U.S.C. § 2244(b)(1), "A claim presented in a second or successive habeas corpus application . . . that was presented in a prior application shall be dismissed."[2] The Seventh Circuit has held that a "claim . . . encompasses all the legal theories that might allow the claim to succeed." *Bennett v. United States*, 119 F.3d 470, 472 (7th Cir. 1997). Thus, a successive petition that advances new legal arguments in support of the same claim is barred: "The theory is new; the claim is not." *Id.* The Seventh Circuit discussed this principle at length in *Brannigan v. United States*:

> [I]t is essential to define the "claim" as a challenge to a particular *step* in the case, such as the introduction of a given piece of evidence, the text of a given jury instruction, or the performance of counsel. . . . If, for example, the defendant invokes the fourth amendment to protest the introduction of one item of evidence, a later contest to the same evidence based on the fifth or sixth amendment is just another iteration of the same claim. "A rehashed claim is not a new claim." *Bennett,* 119 F.3d at 472. In this respect the civil definition of a "claim" remains instructive; in both civil and criminal practice it is the underlying events, rather than the legal arguments advanced to obtain relief from those events, that demarcate a "claim." The criminal practice differs because for collateral attack the "events" in question are what transpired in court, rather than the out-of-court events that precipitated the

---

[2] This subsection specifically refers to applications under § 2254, but the Seventh Circuit has held that it applies equally to applications under § 2255. *Brannigan*, 249 F.3d at 586; *Bennett*, 119 F.3d at 471. Mr. Navarro disagrees with those holdings and preserves his argument for appeal, but this Court is bound to follow the Seventh Circuit's precedent and also believes those holdings were correct.

> litigation. But the principle that new legal arguments about the same events do not amount to a new claim remains.

249 F.3d 584, 588 (7th Cir. 2001). Applying that framework, the court construed the defendant's challenges to two different aspects of the Guidelines calculation as the same "claim" and dismissed the second petition.

Here, the government argues that Mr. Navarro brought this same claim challenging his career offender status in both his initial motion under § 2255 and his later motion under § 2241. In response, Mr. Navarro argues that this claim is different from his previous motion under § 2255, where he argued that his counsel was ineffective and that his underlying conviction was itself invalid. In attempting to distinguish his present claim from that previous claim, he argues: "Mr. Navarro is not raising the validity of the underlying conviction. He is not asserting, as he did in the prior claim, that the underlying conviction should be set aside by the state courts. In this petition he is asserting that the state court conviction, while valid, is not a 'crime of violence' . . . ." [DE 58 p. 10]. Even assuming that distinguishes this claim from Mr. Navarro's previous motion under § 2255, however, that is an *exact description* of his previous motion under § 2241.

In his motion under § 2241, Mr. Navarro expressly argued that his criminal recklessness conviction did not constitute a crime of violence and that his career offender designation was therefore improper. Brief for Petitioner at 3, *Navarro v. United States*, No. 2:12-cv-333 (S.D. Ind. Nov. 7, 2012) ("Petitioner now argues that the State of Indiana charge used as a predicate offense, that is, Indiana Code 35-42-2-2, which at the time was deemed to be a crime of violence, titled 'Criminal Recklessness,' is no longer constructed as such. . . . [I]f 35-42-2-2 is no longer considered a crime of violence, then the Career Offender designation is unsupported and cannot stand."). That is identical to his present claim, which is that his criminal recklessness conviction

12

is not a crime of violence and he is therefore not a career offender. The only difference is that Mr. Navarro based his previous petition on *Begay*—which narrowed the scope of the residual clause—whereas he bases his present petition on *Johnson*—which Mr. Navarro argues eliminated the residual clause. But asserting a different theory in support of the same claim does not exempt him from this statutory bar. *Brannigan*, 249 F.3d at 588 (stating that "new legal arguments about the same events do not amount to a new claim"). Moreover, Mr. Navarro's briefs do not even acknowledge his motion under § 2241 or attempt to argue why it does not constitute the same "claim."

Therefore, the Court finds that Mr. Navarro's present motion is barred under § 2244(b)(1) and must be dismissed for that reason.

## C. Retroactivity under § 2255(h)(2)

Finally, the Court finds that Mr. Navarro is ineligible for relief on the merits of his claim, as he has not shown that he is entitled to relief under a rule that the Supreme Court itself has held to be retroactive. Because Mr. Navarro has already filed and lost a motion under § 2255, he must fit his present claim into a narrow statutory exception in order to receive relief on a successive petition. Specifically, he must show that his claim relies on "a new rule of constitutional law, made retroactive to cases on collateral review *by the Supreme Court*, that was previously unavailable." 28 U.S.C. § 2255(h)(2) (emphasis added); *see also* 28 U.S.C. § 2244(b)(4); *Tyler v. Cain*, 533 U.S. 656, 662–63 (2001). "Quite significantly, under this provision, the Supreme Court is the only entity that can 'make' a new rule retroactive. The new rule becomes retroactive, not by the decisions of the lower court or by the combined action of the Supreme Court and the lower courts, but simply by the action of the Supreme Court." *Tyler*, 533 U.S. at 663 (internal alteration omitted). As used in this context, "make" means "hold," so a new rule "is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive." *Id.*

"The Supreme Court does not 'make' a rule retroactive when it merely establishes principles of retroactivity and leaves the application of those principles to lower courts." *Id.* (internal alteration omitted).

As explained by Justice O'Connor in her concurring opinion in *Tyler*, the "clearest instance . . . in which [the Supreme Court] can be said to have 'made' a new rule retroactive is where we expressly have held the new rule to be retroactive in a case on collateral review and applied the rule to that case." *Id.* at 668 (O'Connor, J., concurring). Absent such a direct holding, the Supreme Court can also "make a rule retroactive over the course of two cases . . . if the holdings in those cases necessarily dictate retroactivity of the new rule." *Id.* at 666 (majority opinion); *see also id.* at 668 (O'Connor, J., concurring) ("[A] single case that expressly holds a rule to be retroactive is not a *sine qua non* for the satisfaction of this statutory provision. This Court instead may 'ma[k]e' a new rule retroactive through multiple holdings that logically dictate the retroactivity of the new rule."). However, the holdings of those cases must "*dictate*," "by strict logical necessity," that the rule is retroactive, "and not merely provide principles from which one *may* conclude that the rule applies retroactively." *Id.* at 669–70 (O'Connor, J., concurring).

In *Johnson*, the Supreme Court held that the residual clause *of the Armed Career Criminal Act* is unconstitutionally vague. 135 S. Ct. at 2563. The Supreme Court later declared that particular rule to be retroactive because sentences imposed based on the residual clause of the Armed Career Criminal Act necessarily exceed the statutory maximums that should otherwise apply. *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016). Mr. Navarro was not sentenced under the Armed Career Criminal Act, though, which applies only to convictions for unlawfully possessing a firearm under 18 U.S.C. § 922(g). 18 U.S.C. § 924(e). He was convicted

for a controlled substance offense, and his statutory sentencing range of 5 to 40 years was wholly unaltered by *Johnson*. His claim is only that *Johnson* should be extended to create a new rule that the residual clause *of the Guidelines* is also void for vagueness, and that that new rule should be retroactive on collateral review.

To receive relief on a successive motion under § 2255, however, he must show that the Supreme Court has already made those holdings, and that he cannot do. In fact, his filings do not even acknowledge § 2255(h)(2) or *Tyler's* holding that only the Supreme Court can "make" a new rule retroactive. As to whether *Johnson* applies to the Guidelines, the existing precedent in the Seventh Circuit is that the Guidelines are not susceptible to vagueness challenges. *United States v. Tichenor*, 683 F.3d 358, 363–66 (7th Cir. 2012). Although the Seventh Circuit currently has several cases under advisement in which it has been asked to revisit that precedent, and the issue has divided other courts of appeals, the pertinent question here is whether the Supreme Court has held that the Guidelines are susceptible to vagueness challenges. Mr. Navarro has pointed to no such holding. The fact that the residual clause of the Guidelines uses the same language as the residual clause of the Armed Career Criminal Act is thus immaterial, as the Supreme Court has never made the threshold holding that vagueness challenges apply to the Guidelines in the first place. *See generally Chaidez v. United States*, 133 S. Ct. 1103, 1108–11 (2013) (holding that a rule was "new" when it required a threshold holding as to *whether* an existing rule applied to a given context, and did not simply address *how* the rule applied in that context). Likewise, the Supreme Court has never held that a challenge to the Guidelines of any sort is retroactive on collateral review. While the principles of retroactivity that it has set forth could support such a holding, *see Narvaez*, 674 F.3d 621, neither this Court nor the courts of appeals have the authority to do so in this posture. That holding can only come from the Supreme

15

Court, and again, Mr. Navarro has identified no such holding. Therefore, for this additional reason, the Court must dismiss Mr. Navarro's motion.

## IV.  CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c); Rule 11, Rules Governing Section 2255 Proceedings for the United States District Courts.  The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983)); *see Young v. United States*, 523 F.3d 717 (7th Cir. 2008).  A defendant is not required to show that he will ultimately succeed on appeal. *Miller-El v. Cockrell,* 537 U.S. 322, 342 (2003) (stating that the question is the "debatability of the underlying constitutional claim, not the resolution of that debate").

The Court respectfully declines to issue a certificate of appealability here. Mr. Navarro has waived his right to file this petition, his claim is barred because it was raised in a previous petition, and even on the merits, Mr. Navarro has not shown that the Supreme Court itself has made retroactive any rule from which he can benefit, as is required for relief on a successive petition. In light of these procedural and substantive shortcomings, the Court does not believe that the resolution of this motion is arguable or that the motion is adequate to deserve encouragement to proceed further.

The Court advises Mr. Navarro that pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, when the district judge denies a certificate of appealability, the applicant may request a circuit judge to issue the certificate. The Court further advises Mr. Navarro that Rule 4(a) of the Federal Rules of Appellate Procedure governs the time to appeal an order entered under the rules governing § 2255 proceedings. *See* Rule 11(b), Rules Governing Section 2255 Proceedings for the United States District Courts. Under Rule 4(a), when the United States is a party in a civil case, any notice of appeal may be filed by any party within 60 days after the judgment or order appealed from is entered. Fed. R. App. P. 4(a); *Guyton v. United States*, 453 F.3d 425, 427 (7th Cir. 2006) (stating that "the time to contest the erroneous denial of [the defendant's] first § 2255 motion was within 60 days of the decision").

## V. CONCLUSION

For the foregoing reasons, the Court DISMISSES Mr. Navarro's motion to vacate his sentence under § 2255, and DENIES the issuance of a certificate of appealability. The Clerk is DIRECTED to enter judgment accordingly.

SO ORDERED.

ENTERED: June 17, 2016

/s/ JON E. DEGUILIO
Judge
United States District Court